UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN J. ALBERS,

                Plaintiff,

vs.                            Case No.  2:11-cv-207-FtM-29SPC

KELLY JOHNSON, ROBERT HEMPHILL,
M.D., RONALD TURNER, CYNTHIA
WATERS, EDWIN G. BUSS, and RODNEY
TOMLINSON,

                Defendants.

_____

## ORDER OF DISMISSAL

This matter comes before the Court upon review of the Amended Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. #12, Amended Complaint) by *pro se* Plaintiff Steven Albers, who is currently incarcerated within the Florida Department of Corrections.  The Court previously granted Plaintiff *in forma pauperis* status in this action and assessed the full filing fee as required by 28 U.S.C. § 1915(b)(1).  See Doc. #15.

### I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2).  In essence, § 1915 is a screening process to be applied sua sponte and at any time during

the proceedings.  In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915, "notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  § 1915(e)(2)(B)(i)-(iii).  The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915.  Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001).  Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff.  Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).  The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(B)(ii).  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for

-2-

relief that is plausible on its face.  Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).  A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556.  Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555 (citations omitted).  Thus, "the-defendant-unlawfully harmed me accusation" is insufficient.  Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement."  Id.  Additionally, there is no longer a heightened pleading requirement.  Randall, 610 F.3d at 701.  The Court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim.  Marsh, 268 F.3d at 1022; Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003); Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

**II.**

Plaintiff files this action against the following Defendants who at all relevant times were employed at Charlotte Correctional Institution: Cynthia Waters, A.R.P.N.; Kelly Johnson, A.R.P.N.; Robert Hemphill, Medical Doctor and Chief Health Officer; Ronald Turner, Medical Doctor; and Rodney Tomilson, Warden.  Amended Complaint at 6-7.[1]  Additionally, Plaintiff sues Edwin G. Buss, the Secretary of the Florida Department of Corrections.  Liberally construing the Amended Complaint, Plaintiff alleges an Eighth Amendment violation, as well as state law pendent claims, stemming from Defendants alleged deliberate indifference to Plaintiff's serious medical needs while incarcerated at Charlotte Correctional Institution.  See generally id.

Plaintiff provides the following factual narrative in support of his claim.  Plaintiff told Defendant Kelly Johnson about his "medical problems" and she told Plaintiff she would place Plaintiff "on pain medication" for the herniated discs in Plaintiff's back.  Id. at 8.  "A couple of weeks went by and [Plaintiff] was put on medication that didn't work."  Id.  Defendant Johnson sent Plaintiff to an "outside hospital to get [an] M.R.I.," which revealed that Plaintiff had herniated discs.  Id. at 9.  Plaintiff was then sent to a "hospital to see [a] doctor who wanted to do

---

[1]The page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

surgery."   Id.   Because the doctor could not "guarantee" the
surgery, Plaintiff "declined" to have the surgery.   Id.   Plaintiff
requested an anti-inflammatory, "which was ibuprofen which [sic]
didn't work."   Id.   Plaintiff "put sick calls in" and "was seen by
nurses who wouldn't refurr [sic] [him] to the doctor."   Id.

Plaintiff also states that he had an "issue" with
"constipation" and the "medication given for that also didn't
work."   Id.   Plaintiff grieved his medical issues to Defendants
Hemphill and Turner, who directed Plaintiff "to go thru [sic] sick
call."   Id.   "Medical refused to put [Plaintiff] on pain medication
and therapy" that Plaintiff had been receiving "on the outside"
from his physician.   Id. at 10.   Although "the sick call nurses"
told Defendant Johnson about Plaintiff's complaints, Defendant
Johnson would not give Plaintiff the "pain relief medication and
therapy" he received prior to his incarceration.   Id.

Plaintiff complains that Defendant Johnson is "only a nurse
practioner acting as if she were a doctor."   Id.   Plaintiff
similarly avers that Defendant Waters is "a nurse practioner acting
as a psychiatrist" who placed Plaintiff "on psyc [sic] medication
that didn't work."   Id.   Plaintiff avers that "a real psychiatrist
took [him] off the medication" and put him on something else "that
worked."   Id.

Finally, Plaintiff states that he filed grievances with Warden
Tomlinson and Defendant Turner, but they forwarded them to

Defendant Hemphill.  Id.  Plaintiff also sent grievance forms to Secretary Buss, "who also did nothing." Id.  As relief, Plaintiff seeks "compensatory damages," "malpractice damages" and "punitive damages." Id. at 11.

**III.**

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws."  To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

In the prison context, "[t]he Eighth Amendment can give rise to claims challenging specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." Thomas v. Bryant, 614 F.3d

-6-

1288, 1303 (11th Cir. 2010)(citations omitted).  In order to state a claim for a violation under the Eighth Amendment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This showing requires a plaintiff to satisfy both an objective and a subjective inquiry. Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (citing Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000)).

A plaintiff must first show that he had an "objectively serious medical need." Id.  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (citations omitted). "The medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id.  Second, a plaintiff must establish that a defendant acted with "deliberate indifference" by showing both a: (1) subjective knowledge of a risk of serious harm (i.e., both awareness of facts from which the inference could be drawn that a substantial risk of serious harm exists and the actual drawing of the inference); and (2) disregard of that risk; and (3) conduct that is more than gross negligence. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).  "Whether a particular defendant has subjective knowledge of the risk of serious harm is a question of fact 'subject to demonstration in the usual ways, including

inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1327 (11th Cir. 2007)(quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 842 (1994)).  "A difference in medical opinion does not constitute deliberate indifference so long as the treatment is minimally adequate." <u>Whitehead v. Burnside</u>, 403 F. App'x 401, 403 (11th Cir. 2010)(citing <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1504-05 (11th Cir. 1991)).  A doctor's decision about the type of medicine that should be prescribed is generally "a medical judgment" that is "an inappropriate basis for imposing liability under section 1983." <u>Adams v. Poag</u>, 61 F.3d 1537, 1547 (11th Cir. 1995); <u>see also</u> <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989) (stating that "[m]ere medical malpractice, however, does not constitute deliberate indifference.  Nor does a simple difference in medical opinion.").

When a prison official eventually provides medical care, the prison official's act of delaying the medical care for a serious medical need may constitute an act of deliberate indifference. <u>See</u> <u>McElligott v. Foley</u>, 182 F.3d 1248, 1255 (11th Cir. 1999); <u>Harris v. Coweta County</u>, 21 F.3d 388, 393-394 (11th Cir. 1994); <u>Brown v. Hughes</u>, 894 F.2d 1533, 1537-39 (11th Cir. 1990).  In determining whether the length of the delay violates the constitution, relevant factors for the Court to consider include the nature of the medical

need and the reason for the delay.  <u>McElligott</u>, 182 F.3d at 1255.
The Court should consider whether the delay in providing treatment
worsened the plaintiff's medical condition, and as such "[a]n
inmate who complains that delay in medical treatment [rises] to a
constitutional violation must place verifying medical evidence in
the record to establish the detrimental effect of the delay." <u>Hill
v. Dekalb Regional Youth Detention Center</u>, 40 F.3d 1176, 1187 (11th
Cir. 1994), <u>abrogated on other grounds</u> Hope v. Pelzar, 536 U.S. 730
(2002). "Self-serving statements by a plaintiff do not create a
question of fact in the face of contradictory, contemporaneously
created medical records." <u>Whitehead v. Burnside</u>, 403 F. App'x
401, 403 (11th Cir. 2010)(citations omitted).

**IV.**

The Court accepts all allegations in the Amended Complaint as
true and will assume, *arguendo*, that a herniated disc and/or
constipation constitutes an objectively serious medical condition.
Nevertheless, the Court finds that this action is subject to
dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  Here, Plaintiff
alleges, at most, a difference of medical opinion with medical
officials.  Plaintiff acknowledges that he was seen by medical
staff, prescribed various medications, sent to an outside medical
facility for testing and referred for surgery.  Plaintiff elected
not to have surgery and instead insists on being prescribed pain
medication that he apparently was prescribed prior to his

incarceration.   Plaintiff does not allege that his is being denied any medical treatment.   Rather, Plaintiff complains that he is being denied the medical treatment that he prefers.   Thus, Plaintiff's "claim rests on his difference of opinion with the prison medical staff over the course of his treatment, which does not rise to the level of an Eighth Amendment violation." Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010); see also Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)(stating that a "simple difference in medical opinion" does not rise to "deliberate indifference.").

Further, to the extent that Plaintiff predicates a claim against Defendants Hemphill, Tomilson, Turner or Buss in connection with their failure to respond to Plaintiff's grievances and/or their forwarding of Plaintiff's grievances; and/or, due to their respective supervisory positions, no constitutional claim is stated.   Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011)(Eleventh Circuit agreeing with other circuits and stating that "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."); Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-692 (1978)(recognizing that there is no vicarious liability, including *respondeat superior*, in § 1983 actions).

ACCORDINGLY, it is hereby

**ORDERED:**

-10-

1.   Plaintiff's complaint is **DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)**.

2.   The **Clerk of Court** shall: (1) enter judgment accordingly; (2) terminate all pending motions; and (3) close the file.

**DONE AND ORDERED** at Fort Myers, Florida, on this ___3rd___ day of January, 2012.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record